UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHAEL EVANS** | * | CIVIL ACTION NO.  23-cv-4987 |
| Complainant | * | JUDGE: |
| **VERSUS** | * | |
| | * | MAGISTRATE: |
| **MORAN TOWING CORPORATION** | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**MAY IT PLEASE THIS HONORABLE COURT:**

**NOW INTO COURT** comes Complainant, **MICHAEL EVANS**, a person of the full age of majority, resident of and domiciled in the Pearl River County, Mississippi, through his undersigned counsel, respectfully represents:

1.

This case is brought before this Honorable Court under pursuant to Art. III § 2 of the United States Constitution and under 28 U.S.C. 1333, the General Maritime Law.

2.

This action is brought against the joint defendants under this Honorable Court's admiralty jurisdiction.

3.

Venue is proper in this Court as the accident occurred within the navigable waters of

Louisiana within this District.

4.

The following party is made defendant herein:

**MORAN TOWING CORPORATION** (hereinafter simply referred to as "**MORAN**") a foreign corporation authorized to do and doing business, with its principal place of business in New Canan, Connecticut, and its principal Louisiana office ls in Baton Rouge.

5.

The above named defendant is liable unto Complainant, **MICHAEL EVANS**, in principal sums which are sufficient and adequate to justly, fairly, and legally compensate him for all of his injuries, losses and harm; for all pecuniary/special and non-pecuniary/general damages for the reasons set forth below.

6.

This Complaint is brought pursuant to the Saving to Suitor's Clause in 28 U.S.C. Section 1333: and the allegations herein are made pursuant to the United States General Maritime Laws seeking damages for general maritime negligence.

7.

On or about July 24, 2022, Complainant, **MICHAEL EVANS** was working as a contractor supplied by **CLE Services** performing repairs on the **M/V LEIGH ANN MORAN** when he was stuck by a negligently and improperly secured hatch cover that had come loose, causing him severe bodily injuries.

8.

At all relevant times herein, the defendant, **MORAN TOWING CORPORATION**, (hereinafter sometime referred to as "**MORAN**") was the owner, operator, lessor, charterer, sub-charterer, maintainer, manager, controller and/or owner pro hac vice of the **M/V LEIGH ANN MORAN** and used and employed said vessel for maritime operations on the high seas, territorial waters and navigable waters of the United States.

9.

The crew members of the **M/V LEIGH ANN MORAN** were responsible for securing the subject hatch cover. The crew of the **M/V LEIGH ANN MORAN** negligently and carelessly failed to properly secure the hatch cover to prevent injuries.

10.

The Captain of the **M/V LEIGH ANN MORAN** and **MORAN TOWING CORPORATION** negligently and carelessly caused, allowed, and permitted the vessel and its appurtenances, and work method to be operated, supervised, equipped, controlled, designed, manufactured, maintained and inspected in such a manner as to cause the Complainant to suffer injuries and damages hereinafter set forth.

11.

The captain and crew of the **M/V LEIGH ANN MORAN,** created and/or had actual and/or constructive knowledge of the conditions which caused the incident prior to the occurrence and the crew failed to exercise reasonable care to prevent the incident which is subject to the litigation herein

12

The defendant, **MORAN** violated the United States Occupation Safety and Health Act and the United States Coast Guard rules and regulations with regard to hiring, training, instructing, supervising its crew members in the operation of the **M/V LEIGH ANN MORAN** and its appurtenances.

13.

**MORAN** and the **M/V LEIGH ANN MORAN** had a duty to protect Complainant from the unreasonable risk of harm from the unsecured hatch cover; they breached that duty and as a result, the incident occurred which resulted in Complainant's injuries.

14.

The Captain of the **M/V LEIGH ANN MORAN** was negligent in the operation, supervision and control of the **M/V LEIGH ANN MORAN** while working in the course and scope of his employment with **MORAN,** and as such, **MORAN** is vicariously liable for all damages to the Complainant.

15.

At the date, time, and place of the subject incident the crew of the **M/V LEIGH ANN MORAN,** while working in the course and scope of their employment with **MORAN** was negligent in the operation and control of the hatch cover which caused the Complainant's' injuries**,** and as such, **MORAN** is vicariously liable for all damages to the Complainant.

16.

At the date, time and place of the subject accident, Captain of the **M/V LEIGH ANN MORAN** was working as an employee of **MORAN**, acting under the control, supervision, direction, and was in the course and scope of his employment with **MORAN TOWING CORPORATION** and as such, **MORAN** is vicariously liable for all damages.

17.

Complainant avers the incident and injuries caused therefrom occurred as a direct and proximate result of the negligence and/or fault of, the Captain and crew of the **M/V LEIGH ANN MORAN**, whose negligence and/or fault are listed more particularly, but not exclusively as follows:

a)  Negligently causing, allowing and permitting the vessel and its appurtenances to be in a dangerous, defective and hazardous condition;

b)  Operating a vessel in a negligent manner rendering the vessel unsafe;

c)  Negligently failing to warn the Complainant of the dangerous and hazardous condition;

d)  Negligently failing to provide the Complainant with a seaworthy vessel and a safe place to work;

e)  Negligently failing to promulgate and enforce proper and safe rules of seamanship in the supervision of said work;

f)  Negligently failing to provide sufficient and competent crew;

g) Negligently failing to provide proper gear and equipment;

h) Negligently failing to provide a reasonably safe place in which to work, or in the exercise of reasonable care, should have known, that individuals, including Complainant, would be exposed to an unreasonable risk of harm;

i) Negligently failing to provide guidance, evaluation, training and supervisory instructions;

j) Failure to properly and safely implement guidelines, policies, rules, regulations, procedures, practices and policies with respect to the hiring, training, supervision, control and direction of their crew;

k) Negligence of its crew which created an unreasonably hazardous condition which caused Complainant to sustain injuries;

l) Negligently failing to comply with OSHA; United States Coast Guard and other Federal and State rules and regulations with regard to hiring, training, supervising, equipment, vessel, operations and crew;

m) Allowed unsafe work methods;

n) Negligently failing to properly, train, guide, instruct and supervise the crew regarding their duties, thereby causing an unreasonable risk of harm;.

o) **MORAN** allowed the operation of the **M/V LEIGH ANN MORAN** in a negligent manner, rendering the vessel unsafe;

p) Failing to warn the Complainant of the dangerous conditions;

q) Failing to promulgate and enforce proper and safe rules of seamanship in the supervision of said work;

r) By reason of the unseaworthy condition of **M/V LEIGH ANN MORAN**, the Complainant was caused to suffer injuries and illness**;**

s) Negligently failing to inspect and supervise the **M/V LEIGH ANN MORAN** with regard to its condition so as to prevent an unreasonable dangerous condition;

t) Negligently failing to inspect and supervise the **M/V LEIGH ANN MORAN** with regard to its condition so as to prevent an unreasonable dangerous condition;

u) **MORAN** failed to provide Complainant with a safe, seaworthy vessel in which to work, and failed to supply and keep in order aboard the vessel safe, adequate, proper and seaworthy gear, equipment, appliances and appurtenances;

v) Such other acts of commission and omission that constitute negligence and/or fault which may be proven upon the trial of this matter;

w) By reason of the negligence of the defendants, their agents, and employees/crew, Complainant was caused to suffer illness and injuries to his person with great force and violence sustaining personal injuries and damages;

All of the foregoing acts of negligence and fault were in violation of the laws of the State of Louisiana, United States of America and United States General Maritime laws, which are hereby specifically and specially pleaded and adopted by this reference as if set forth at this point *in extenso*.

18.

Complainant as an injured maritime worker is entitled and does hereby claim damages for injuries, losses and harm pursuant to the General Maritime Laws of the United States and seeks all appropriate and lawful damages and compensation.

19.

As a consequence of the aforesaid injuries, Complainant categorizes his non-exclusive damages which he is entitled to recover from the joint defendants as follows:

a) Initial trauma;

b) Past, present and future medical expenses, including but not limited to physicians, hospital, medication and all other expenses related to his injuries;

c) Past, present and future rehabilitative expenses;

d) Past, present and future physical pain and suffering;

e) Past, present and future mental and emotional anguish and distress;

f) Past, present and future physical and psychological disability;

g) Past, present and future disfigurement;

h) Past, present and future loos of income, benefits, wages and all other forms of compensation;

i) Past, present and future loss of wages and compensation;

j) Loss of enjoyment of life;

k) Expert fees;

l) Cost of these proceedings; and

m) Other damages which will be shown through discovery and proven at trial.

20.

Complainant requests a jury trial.

**WHEREFORE,** Complainant, **MICHAEL EVANS**, prays that after the joint defendants have been duly served, citations issued and due proceedings had, there be judgment herein in favor of Complainant, **MICHAEL EVANS**, and against the joint defendants **MORAN TOWING CORPORATION;** and their respective insurers, in principal sums which are sufficient and adequate and to justly, fairly and legally compensate Complainant for injuries, losses and harm, and for all special/ pecuniary and general/ non-pecuniary losses, together with legal interest thereon from the date of judicial demand and for all costs of these proceedings.

Complainant further prays for all other general and equitable relief as this Honorable Court may deem necessary, proper or just.

        Respectfully submitted,
        **LAW OFFICE OF RICHARD J. FERNANDEZ, LLC**

By:   /s/ Richard J. Fernandez
        **RICHARD J. FERNANDEZ**, LSBN #05532
        **AMBER E. CISNEY,** LSBN #28821
        3000 West Esplanade Avenue, Suite 200
        Metairie, Louisiana 70002
        Telephone: (504) 834-8500
        Facsimile: (504) 834-1511
        Email: rick@rjfernandezlaw.com
        amber_@rjfernandezlaw.com

**SERVICE TO BE ISSUED TO:**

**MORAN TOWING CORPORATION**
Through its agent for service of process
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802