UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL EVANS                                   CIVIL ACTION NO. 23-cv-4987

VERSUS                                          JUDGE WENDY VITTER

MORAN TOWING CORPORATION                        MAGISTRATE DONNA CURRAULT

**MEMORANDUM IN SUPPORT OF RULE 12 (b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

MAY IT PLEASE THE COURT:

Defendant, Moran Towing Corporation ("Moran Towing"), respectfully submits its *Memorandum in Support of its Motion to Dismiss for Failure to State a Claim* pursuant to Federal Rule of Civil Procedure 12(b)(6). In his *Complaint*, Plaintiff confirms that he was a contract employee of CLE Services in which he performed repairs on the M/V LEIGH ANN MORAN within the navigable waters of Louisiana. Thus, by his own assertions, Evans is a longshoreman. As a result, his only remedy against Moran Towing lies under Section 905(b) of the Longshore and Harbor Workers' Compensation Act ("LHWCA"). To the extent that Plaintiff asserts any claims beyond the claims allowed in § 905(b), those claims must be dismissed. For the reasons discussed herein, Plaintiff's claims against Moran Towing must be dismissed, with prejudice.

Alternatively, in the event the Court does not dismiss Plaintiff's claims in their entirety, Moran Towing requests the dismissal of any claims that are outside of the allowed claims under § 905(b) of the LHWCA.

**I.      FACTUAL BACKGROUND**

This is a maritime personal injury action. Plaintiff, Michael Evans, filed a *Complaint* against Moran Towing. (R. Doc. 2). Plaintiff asserts that on or about July 24, 2022, he was working

for non-party CLE Services in which he performed repairs on the M/V LEIGH ANN MORAN within the navigable waters of Louisiana. (R. Doc. 2, ¶ 7). As such, by his own assertions, Plaintiff is a longshoreman. While performing repairs, Plaintiff alleges he suffered severe bodily injuries after being struck by a negligently and improperly secured hatch cover that had come loose. (R. Doc. 2, ¶ 7). He alleges that his accident occurred as a result of what he describes as "unseaworthy conditions" and alleges that these conditions rendered the vessel unseaworthy. (R. Doc. 2, ¶ 17). More specifically, Plaintiff claims that Moran Towing "negligently failed to provide the Complainant with a seaworthy vessel and a safe place to work;" (R. Doc. 1, ¶ 17 (d)).

For the reasons further discussed herein, Plaintiff has no claim against Moran Towing for unseaworthiness because he is a longshoreman. This is a remedy reserved to a Jones Act seaman serving as a member of a crew of a vessel. *Bonefont v. Valdez Tankships*, 136 F.3d 137 (5th Cir. 1998). Plaintiff's only remedy against Moran Towing lies under § 905(b) of the LHWCA. He also has no stand-alone claims for *respondeat superior*. Finally, to the extent his claims state any cause of action beyond the remedy afforded under § 905(b), this Court should dismiss those claims as Plaintiff has no rights beyond those allowed under § 905(b).

## II. LAW AND ARGUMENT

### A. Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim tests the sufficiency of a party's claim for relief. The Rule allows trial courts to terminate lawsuits "that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.,* 988 F.2d 1157, 1160 (Fed. Cir. 1993); *see also Port of Authority of New York and New Jersey v. Arcadian Corp.,*

189 F.3d 305, 312 (3d Cir.1990) (noting that Rule 12(b)(6) is designed to "screen out cases" where no remedy exists for the wrong alleged or where no relief could possibly be granted).

A 12(b)(6) motion tests whether a plaintiff did what was necessary under the federal pleading rules, Rules 8 and 9 of the Federal Rules of Civil Procedures. "A claim will fail this inspection if it asserts a legal theory that is not cognizable as a matter of law or if the factual tale it alleges is ruled to be implausible." FEDERAL CIVIL RULES HANDBOOK, p. 454 (Thomas Reuters 2017) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007)); *Naylor v. Harrell,* 2016 WL 8136632, *3 (W.D. La. Dec. 22, 2016), *report and recommendation adopted*, 2017 WL 426874 (W.D. La. Jan. 31, 2017) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) ("A court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory."). In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Rule 12(b)(6)).

### B. Plaintiff Was Employed by Another Company as a Longshoreman

Although briefly mentioned in the *Complaint*, at the time of the incident, Plaintiff worked for non-party CLE Services for whom he was performing repairs on the M/V LEIGH ANN MORAN. As such, Plaintiff is a longshoreman. (R. Doc. 2, ¶ 7). Under § 905(b) of the LHWCA, Evans' claims against the vessel owner are limited. *Anthony v. Deep S. Airboats, LLC,* 2021 U.S. Dist. LEXIS 186507 (E.D. La. Sep. 28, 2021).

### C. Plaintiff Has No Unseaworthiness Claim

The general maritime law places upon a vessel owner an absolute non-delegable duty to provide a *seaman* with a vessel reasonably fit for its intended use, *i.e.* a seaworthy vessel. *Bonefont v. Valdez Tankships*, 136 F.3d 137 (5th Cir. 1998). The duty to provide a seaworthy vessel

furnishes seamen, *and only seamen*, with a separate and independent cause of action against a shipowner for unseaworthiness. *Bonefont*, 136 F.3d at 137; *The Osceola*, 189 U.S. 158, 175, (1903); *Aguirre v. Citizens Casualty Co. of New York*, 441 F.2d 141, 143-44 (5th Cir. 1971), *cert. denied*, 404 U.S. 829, 92 (1971); Thomas J. Schoenbaum, ADMIRALTY & MARITIME LAW, § 6-27 (The warranty of seaworthiness may only be claimed by those recognized as seamen under the law.).

Under the LHWCA, a longshoreman cannot sue a vessel owner for the unseaworthiness of its vessel. *See* 33 U.S.C. § 905(b) ("The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred."). Congress in § 905(b) replaced the unseaworthiness cause of action against a vessel with liability based on negligence. *Johnson v. Am. Commer. Barge Line*, *LLC*, 2019 U.S. Dist. LEXIS 218991, at *15 (E.D. La. Dec. 20, 2019) (citing *Levene v. Pintail Enters., Inc.*, 943 F.2d 528, 533 (5th Cir. 1991)). Based on the allegations contained in the *Complaint*, Plaintiff has no claim for unseaworthiness and any claims based on alleged unseaworthiness of the vessel must be dismissed.

### D.  Plaintiff Has No Claim for *Respondeat Superior*

It appears that Plaintiff alleges claims under the doctrine of *respondeat superior*. (R. Doc. 2, ¶ ¶ 7-16). *Respondeat superior* "is not a separate claim but is instead the legal doctrine under which employers are vicariously liable for torts committed by their employees while acting in the scope of their employment." *White v. Fincantieri Bay Shipbuilding*, 2020 U.S. Dist. LEXIS 170970, at *4-5 (E.D. Wis. Sep. 18, 2020) (citing *Wright v. N. Am. Terrazo*, Civ. No. C12-2065 JLR, 2013 U.S. Dist. LEXIS 15672, 2013 WL 441517, at *2 (W.D. Wash. 2013) ("[R]espondeat superior is a means to impose vicarious liability on an employer for the acts of an employee, not a stand-alone cause of action"). Paragraphs 9-16 of the *Complaint* should also be dismissed.

### E. Plaintiff is Limited to Claims Under § 905(b).

In the case of *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156 (1981), the U.S. Supreme Court articulated that the vessel owner only owes three limited duties to longshoremen under § 905(b). The limited duties are: (1) the turnover duty; (2) the active control duty; and (3) the duty to intervene. *Id* at 167. In Paragraph 17 of his *Complaint*, Plaintiff asserts a variety of legally impermissible allegations, which include:

(a) Negligently causing, allowing and permitting the vessel and its appurtenances to be in a dangerous, defective and hazardous condition;
(b) Operating a vessel in a negligent manner rendering the vessel unsafe;
(c) Negligently failing to warn the Complainant of the dangerous and hazardous condition;
(d) Negligently failing to provide the Complainant with a seaworthy vessel and a safe place to work;
(e) Negligently failing to promulgate and enforce proper and safe rules of seamanship in the supervision of said work;
(f) Negligently failing to provide sufficient and competent crew;
(g) Negligently failing to provide proper gear and equipment;
(h) Negligently failing to provide a reasonably safe place in which to work, or in the exercise of reasonable care, should have known, that individuals, including Complainant, would be exposed to an unreasonable risk of harm;
(i) Negligently failing to provide guidance, evaluation, training and supervisory instructions;
(j) Failure to properly and safely implement guidelines, policies, rules, regulations, procedures, practices and policies with respect to the hiring, training, supervision, control and direction of their crew;
(k) Negligence of its crew which created an unreasonably hazardous condition which caused Complainant to sustain injuries;
(l) Negligently failing to comply with OSHA; United States Coast Guard and other Federal and State rules and regulations with regard to hiring, training, supervising, equipment, vessel, operations and crew;
(m) Allowed unsafe work methods;
(n) Negligently failing to properly, train, guide, instruct and supervise the crew regarding their duties, thereby causing an unreasonable risk of harm;.
(o) **MORAN** allowed the operation of the **M/V LEIGH ANN MORAN** in a negligent manner, rendering the vessel unsafe;
(p) Failing to warn the Complainant of the dangerous conditions;
(q) Failing to promulgate and enforce proper and safe rules of seamanship in the supervision of said work;

(r) By reason of the unseaworthy condition of **M/V LEIGH ANN MORAN**, the Complainant was caused to suffer injuries and illness**;**
(s) Negligently failing to inspect and supervise the **M/V LEIGH ANN MORAN** with regard to its condition so as to prevent an unreasonable dangerous condition;
(t) Negligently failing to inspect and supervise the **M/V LEIGH ANN MORAN** with regard to its condition so as to prevent an unreasonable dangerous condition;
(u) **MORAN** failed to provide Complainant with a safe, seaworthy vessel in which to work, and failed to supply and keep in order aboard the vessel safe, adequate, proper and seaworthy gear, equipment, appliances and appurtenances;
(v) Such other acts of commission and omission that constitute negligence and/or fault which may be proven upon the trial of this matter;
(w) By reason of the negligence of the defendants, their agents, and employees/crew, Complainant was caused to suffer illness and injuries to his person with great force and violence sustaining personal injuries and damages;

Here, Plaintiff's *Complaint* goes beyond the limited duties that Moran Towing owes to Evans under § 905(b). As such, these claims must be dismissed. Under § 905(b), "[i]n the event of injury to a person covered under [the LHWCA] caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 33 of [the LHWCA] . . ." 33 U.S.C. § 905(b). As noted above, the vessel negligence remedy provided in § 905(b) is exclusive of all other remedies against the vessel except remedies available under the LHWCA. *Id*.

Because the Supreme Court has limited a longshoreman's causes of action to those falling under the turnover duty, the active control duty, and the duty to intervene, any alleged negligence beyond those duties should be dismissed.

### III. CONCLUSION

For the reasons discussed herein, Defendant, Moran Towing Corporation, respectfully requests that its Motion be granted and that Plaintiff's claims be dismissed, with prejudice.

Alternatively, in the event the Court does not dismiss Plaintiff's claims in their entirety, Moran Towing requests the partial dismissal of any claims to which Plaintiff has not shown legal entitlement to assert.

| **Certificate of Service** | Respectfully submitted, |
|---|---|
| I hereby certify that on the 28th day of September, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.<br><br>*/s/ James A. Crouch, Jr.* | **STAINES, EPPLING & KENNEY**<br><br>*/s/ James A. Crouch, Jr.*<br>**RUFUS C. HARRIS, III** (#6638)<br>**JAMES A. CROUCH, JR.** (#35729)<br>**JEFFREY G. LAGARDE** (#31823)<br>3500 N. Causeway Blvd. Ste. 820<br>Metairie, Louisiana 70002<br>Telephone: (504) 838-0019<br>Facsimile: (504) 838-0043<br>Email: rufus@seklaw.com<br>        james@seklaw.com<br>        jeff@seklaw.com<br>*Counsel for Moran Towing Corporation* |